UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARINE TOWING & SALVAGE
OF S.W. FL., INC.,

    Plaintiff,

v.                                          Case No.:   2:22-cv-346-SPC-KCD

ONE 66' 2019 SABRE DIRIGO
(aka M/V WHIRLAWAY), MONTE
BRIGGS and EYRIE HOLDINGS,
LLC,

    Defendants.

                                       /

## ORDER

Before the Court is Defendants' Motion to Strike Demand for Jury Trial. (Doc. 43). They say the jury demand in Plaintiff's complaint is improper, and thus the Court should revise the case management order to reflect that this is a non-jury matter. (*Id.* at 2.) Although the motion is opposed, Plaintiff has not filed a response and the time to do so has expired. For the reasons below, Defendants' motion is granted.

### I. Background

Plaintiff Marine Towing & Salvage of S.W. Fl., Inc. is a salvage and towing company. In April 2022, Marine Towing received a distress call from the vessel Whirlaway. The captain, Monte Briggs, allegedly reported that the

anchor had failed. (Doc. 11 ¶ 10.) Marine Towing sent a tow ship that was able to remove the Whirlaway from a sandbar. Once back on land, Briggs signed a contract "for the service provided in saving the vessel." (*Id.* ¶ 24.)

Marine Towing has not been paid. It thus sues the Whirlaway, its owner Eyrie Holdings LLC, and Briggs for a salvage award. (Doc. 11.) Pertinent here, the complaint invokes the Court's maritime jurisdiction. (*Id.* ¶ 1.) Marine Towing specifically asks for relief under "Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C." (*Id.*) Rule 9(h) allows a plaintiff to designate a pleading as a maritime claim when the claim falls within both admiralty and some other jurisdictional ground. Finally, Marine Towing "demands trial by jury on all issues so triable." (*Id.* at 16.)

Defendants deny the vessel was salvaged. They claim Briggs requested a "simple tow" and thus that is the only compensation owed. (Doc. 12 at 2.) As to the present motion, Defendants challenge Marine Towing's jury demand because the case is proceeding under the Court's admiralty jurisdiction. (*See* Doc. 43 at 2 ("It is well established under the rules of admiralty law that there is no right to a jury trial in admiralty cases.").)

## II. Discussion

There is generally no right to a jury trial in admiralty cases. *See, e.g.*, *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."). That is because

admiralty cases are not embraced by the Seventh Amendment of the Constitution. See *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020).

But, as usual, there is an exception. The same statute that grants federal courts admiralty jurisdiction saves to suitors "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This "saving to suitors" clause allows a plaintiff with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction to either avail himself of admiralty jurisdiction or sue at law where a jury trial might be available. "Stated differently, the saving to suitors clause establishes the right of a party to choose whether to proceed within a court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1195 (11th Cir. 2009) (Wilson, J., concurring); *Salty Dawg Expedition, Inc. v. Borland*, 301 F. Supp. 3d 1189, 1191 (M.D. Fla. 2017) ("[Courts] consistently interpret the saving-to-suitors clause to preserve the right to a jury trial if the plaintiff in an admiralty dispute successfully invokes a jurisdiction other than admiralty[.]").

By selecting the first option and proceeding in admiralty, however, a claimant foregoes the right to a jury trial. See *Se. Marine, LLC v. Motor Yacht OCEAN CLUB*, No. 309-CV-693-J-25TEM, 2010 WL 2540701, at *1 (M.D. Fla.

June 21, 2010) ("By designating a claim under Rule 9(h), the plaintiff is afforded certain procedural rights such as vessel-arrest, garnishment, attachment, bond, and other equitable remedies, but forfeits the right for either party to demand a jury trial[.]").

Here, as noted, Marine Towing invoked the Court's admiralty jurisdiction. The complaint could not be clearer on that point. What is more, Marine Towing alleges no other basis for federal jurisdiction. *See DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1312 (11th Cir. 2020) ("Although [federal law] allows a plaintiff in a maritime case to choose whether to proceed at law or in admiralty, that choice is available only if there is a choice to be made—that is, if the plaintiff has a separate basis for subject-matter jurisdiction other than admiralty."). Because this case is undeniably proceeding under admiralty jurisdiction, Marine Towing's jury demand is improper and must be stricken. *See, e.g.*, *Neenan v. Carnival Corp.*, No. 99-2658-CIV-LENARD, 2001 WL 91542, at *2 (S.D. Fla. Jan. 29, 2001).

Accordingly, is now **ORDERED**:

1. Defendants' Motion to Strike Demand for Jury Trial (Doc. 43) is **GRANTED**;

2. Marine Towing's jury demand is stricken from the pending complaint (Doc. 11); and

3. The Court will enter a new case management order to reflect that this case will proceed as a bench trial.

**ENTERED** in Fort Myers, Florida on October 18, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record