UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARINE TOWING & SALVAGE
OF S.W. FL., INC.,

    Plaintiff,

v.                                   Case No.:  2:22-cv-346-SPC-KCD

ONE 66' 2019 SABRE DIRIGO,
MONTE BRIGGS and EYRIE
HOLDINGS, LLC,

    Defendants.
_____/

## REPORT & RECOMMENDATION

This maritime case ended in Defendants' favor after a bench trial. (Docs. 103, 104.) The Court also found that Plaintiff engaged in bad-faith litigation, triggering attorney's fees and costs as a sanction. (Doc. 103 at 15-27.) Defendants now move to determine the amount owed. (Doc. 110.)[1]

Defendants seek $360,997 in fees and $30,679.53 in costs. Plaintiff disputes the reasonableness of these amounts and asks to conduct discovery. (Doc. 114.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] This document is not paginated. The Court thus cites to the page numbers generated by its electronic filing system.

## I. Legal Standard

The general rule in admiralty is that absent a governing statute or applicable contractual provision, each party (including a prevailing party) will bear its own fees and costs. *See, e.g.*, *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010). But here, the Court recognized an exception to this general rule and sanctioned Plaintiff because it acted in bad faith. (Doc. 103 at 26 (citing *Reliable Salvage & Towing, Inc. v. Bivona*, 476 F. App'x 852, 855 (11th Cir. 2012).)

Though imposed as a sanction, the Court must still determine whether the fees and costs are reasonable by following the lodestar method to calculate an objective estimate of the value of an attorney's services. *Dolphin Cove Inn, Inc. v. Vessel Olympic Javelin*, No. 3:19-CV-1018- J-34JRK, 2020 WL 8461570, at \*9 (M.D. Fla. Dec. 22, 2020); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 383 (11th Cir. 1992).

The Supreme Court's lodestar precedent determines what is a reasonable fee award. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (explaining there is "a strong presumption that the lodestar represents the reasonable fee"). To calculate the lodestar figure, the court multiples the "hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299; *see also N. Fla. Shipyards, Inc. v. M/V ATLANTIS II,* No. 3:17-cv-1273-J-

34MCR, 2018 WL 3357364, at *3 (M.D. Fla. May 21, 2018) (using lodestar analysis in admiralty case).

The Court has wide discretion when arriving at an appropriate fee award. And even "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Norman*, 836 F.2d at 1303. In such cases, the Court may fix an award based on its own experience and independent judgment. *Id.*; *see also Cameron v. Standard Roofing Sols. LLC*, No. 5:23-CV-305-JSM-PRL, 2024 WL 3344971, at *1 (M.D. Fla. July 9, 2024) ("[T]he Court is an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

## II. Discussion

### A. Reasonable Hourly Rates

A reasonable hourly rate is the common rate in the area "for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. An applicant requesting attorney's fees must show "that the requested rate is in line with prevailing market." *Id.* A reasonable hourly rate is adequate to attract competent counsel in the relevant legal market yet does not produce a windfall for that attorney. *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).

3

Defendants claim these rates:

| Attorney | Rate |
|---|---|
| Christopher Fertig (partner) | $575 |
| Darlene Lidondici (partner) | $575 |
| John Wilbur (associate) | $375 |
| Tobi Rousso (associate) | $375 |
| Alex Koffler (associate) | $375 |
| Lawrence Marchica (associate) | $375 |
| Sandra Rio (clerk) | $200 |

To support their request for Fertig and Liodondici's fees,[3] Defendants cite several cases where similar rates were awarded within the last ten years. (Doc. 110 at 10-15.) But none of these cases come from Fort Myers. *See SCP Distrib. LLC v. USA Wildcat Inv. Grp., LLC*, No. 6:24-CV-00257-ACC-LHP, 2024 WL 3443421, at *3 (M.D. Fla. July 17, 2024) ("The relevant market is the place where the case is filed."). Defendants also offer a declaration from Lidondici that the rates "are reasonable and customary for the firm's location in Ft. Lauderdale, Florida and practice area." (Doc. 110-3 at 7.) Again, the relevant market is Fort Myers, so this evidence is also unhelpful. "Generalized assertions and affidavits of the attorney performing the work are unsatisfactory evidence of reasonableness." *Campos v. Williams Rush & Assocs., LLC*, No. 8:24-CV-00493-WFJ-AEP, 2024 WL 3344973, at *1 (M.D.

---

[3] Plaintiff challenges only the $575 rate for these lawyers. (Doc. 114 at 12, 14.)

4

Fla. July 9, 2024).

Defendants' only other evidence is a declaration of Tampa practitioner Anthony J. Cuva. (Doc. 110-4.) Cuva summarily states that "[t]he rates from $375 to $575 for the experience level of the various attorneys were reasonable." (*Id.* at 3-4.) But Cuva offers nothing about "rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. Nor does he offer opinion evidence based on any sample of the fees collected from paying clients in comparable matters. *Id.* Cuva simply concurs with Plaintiffs' bald contention that the rates are appropriate. But again, as the Eleventh Circuit instructs: "Testimony that a given fee is reasonable is . . . unsatisfactory evidence of market rate." *Id.* With no "mention of prevailing market rates," Cuva's declaration "provides little or no evidentiary support for an award." *Id.* at 1304.

Because the record is nearly bare as to what constitutes a prevailing market rate, the Court must draw upon "its own knowledge and experience concerning reasonable and proper fees [to] form an independent judgment." *Norman*, 836 F.2d at 1303.

Considering the type and complexity of this case, the experience of counsel who specialize in maritime law, the Fort Myers market, prior fee awards, and relying on its own expertise while accounting for all other relevant factors, the Court finds that the hourly rates charged here are reasonable. Awarding Defendants the full hourly rate charged by these attorneys will

5

compensate them for the unique services provided and considers that the matter, even if not overly complex, was fiercely contested from the beginning. It also bears noting that Defendants "have paid the sums reflected on the invoicing." (Doc. 110 at 15); *see Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as determined by supply and demand.").

Defendants' motion also seeks to recover time billed by Sandra Rios, a law school graduate who clerked for the firm while awaiting admission to the Florida Bar. Services of paralegals and law clerks are compensable at market rates. *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cnty.*, 278 F. Supp. 2d 1301, 1309-10 (M.D. Fla. 2003). A court may award fees for law clerks or paralegals only when they perform work typically done by lawyers. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Based on the type of work Rios completed (Doc. 110-1 at 57) and the prevailing market, the $200 sought for her services is also appropriate.

**B. Hours Reasonably Expended**

To arrive at the hours reasonably expended, "excessive, redundant or otherwise unnecessary" time must be excluded. *Norman*, 836 F.2d at 1301. Applicants must exercise "billing judgment" when requesting attorney's fees, and any hours considered "unreasonable to bill" should be omitted. *Id.* In

6

demonstrating that the requested hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* at 1303. Inadequate documentation may reduce the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendants claim 715.8 hours for attorney and clerk time, broken down as follows:

| Attorney | Hours |
|---|---|
| Christopher Fertig (partner) | 396.2 |
| Darlene Lidondici (partner) | 93.8 |
| John Wilbur (associate) | 179.9 |
| Tobi Rousso (associate) | 51.4 |
| Alex Koffler (associate) | 1.1 |
| Lawrence Marchica (associate) | 19.8 |
| Sandra Rio (clerk) | .6 |
| **Total** | **715.8** |

Defendants offer little argument to support these hours, dedicating no more than a page to the issue. (Doc. 110 at 15-16.) They attach time records for each timekeeper and summarily claim, "[a]s demonstrated by the bills, the amount of time spent on each task by the respective attorneys was reasonable and well within the amount of time expected to be spent on the same or similar task by an attorney of the same or similar skill level." (Docs. 110 at 15, 110-1.)

7

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to submit specific and reasonably precise objections and proof. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to adequately explain the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002). Conclusory objections and generalized statements are not given much weight. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

Plaintiff raises reasonably specific objections, with some directed at particular entries. (*See* Doc. 114.) But much of its opposition argues (in various ways) that this case was a straightforward maritime salvage dispute. While the claims may have been straightforward, it was anything but simple. As noted by the District Judge, this was a fiercely litigated action driven by Plaintiff's bad faith overreaching from before the case was filed to the bitter end. (Doc. 103 at 15-26.)

In arriving at a reasonable number of hours, the Court is mindful that the work at issue involved preparation for and participation in a 3-day bench trial involving nearly 100 exhibits and a handful of witnesses. Still, the time records reveal excessive and unreasonable hours.

To start, Defendants do not explain why six attorneys were needed on the file. The movant must show that the time spent reflects the distinct contribution of each lawyer and the customary practice of multiple-lawyer litigation. *ACLU of Ga.*, 168 F.3d at 432; *see also Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated . . . for the distinct contribution of each lawyer."). Defendants offer nothing to justify the use of six lawyers.

Second, travel time. There are entries for travel throughout the timesheets. (Doc. 110-1 at 24, 44, 45, 46.) "Courts in the Middle District have taken varying approaches to awarding fees for travel time. Some have deducted the time where able local counsel was available, some have awarded it, and others have reduced the number of recoverable hours." *Martinez v. Hernando Cnty. Sheriff's Off.*, No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *3 (M.D. Fla. Nov. 13, 2013). Courts can decline to award attorney's fees for unproductive travel time. *See, e.g.*, *Redish v. Blair*, No. 5:14-cv-260, 2015 WL 6688410, at *2 (M.D. Fla. Oct. 30, 2015) (reducing fees awarded for travel time where "counsel [did] not assert . . . that productive work was done during the travel time"); *Johnston v. Borders*, No. 6:15-cv-936-Orl-40DCI, 2019 WL 8105896, at *2 (M.D. Fla. July 30, 2019). Defendants offer no argument on this issue either. Given this, and in light of the persuasive precedent from this Court, the travel time should be excluded.

9

Finally, other problems include redactions where it isn't clear why they were necessary, excessive billing (such as two hours spent by two attorneys on a two-page motion to allow electronic equipment), and duplication of effort generated by the lawyers who billed on the file. While some of this heightened litigation activity stemmed from Plaintiff's mishandling of the case, Plaintiff need only pay a reasonable percentage of the efforts of the multiple lawyers here.

When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal is to "do rough justice." *Id.* Thus, the court may use its own expertise to fashion a pragmatic and reasonable remedy as "a request for attorney's fees should not result in a second major litigation." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 895 (11th Cir. 2011).

Plaintiff seeks a reduction between 50 and 60%. (Doc. 114 at 14.) That's too much. Considering the record and substantial number of hours requested, cutting 35% is both reasonable and necessary to arrive at the appropriate fee amount. This calculation results in a fair and just assessment given the overall

10

lawsuit, and it satisfies the obligation to "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434. Applying this across-the-board reduction results in a net fee award of $234,648.05.

## C. Costs

Defendants seek $30,679.53 in costs, claiming they were all "reasonable [*sic*] necessarily incurred as a result of Plaintiff's action and the need to defend the wrongful litigation." (Doc. 110 at 17.) The costs breakdown as follows:

| **Tim Morgan** | Expert | $18,390 |
|---|---|---|
| **United Reporting** | Depo videographer<br>Depo stenographer<br><br><u>Deponents</u>: Tonya Morris, Stephen Lilly, Richard Paul, Plaintiff's corporate rep | $5,392.60 |
| **Vonnie Bray** | Court reporter trial transcript fee | $3,969.70 |
| **Oleander Legal** | Certified copy of Biggs statement on record | $703.27 |
| **Trial Spectrum** | Foam core boards and printing for trial | $575 |
| **Budget Graphics** | Printing trial binders | $764.78 |
| **Munch and Munch** | Defendants' portion of the mediation fee | $640 |
| **Residence Inn** | Lodging for Christoper Fertig | $244.18 |
| **Total** | | **$30,679.53** |

Plaintiff does not dispute any individual entry but objects to the whole on the grounds that Defendants never state "how any cost was used" or show

that they were "necessary in the defense of this case." (Doc. 114 at 11.) Plaintiff thus asks the Court to "[r]eject all costs which are not designated within the defense motion as being used in the case." (*Id.* at 14.)

Of note, the Court is not bound to any statutory list of costs because they were awarded as a sanction. *Tom James Co. v. Morgan*, 141 F. App'x 894, 900 (11th Cir. 2005). "Instead, the district court, in its discretion, may exercise its wide power ... to impose fines for disobedience." *Id.* Sanctions deter, compensate, and punish. *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992).

A review of the costs and supporting invoices shows they were necessary to mount a defense here, and the amounts seem reasonable. Considering that Plaintiff's "bad faith overreaching drove this dispute from start to finish," (Doc. 103 at 26), awarding the full amount requested compensates Defendants for the costs incurred and deters similar conduct again.

**D. Discovery**

Finally, Plaintiff seeks discovery related to Defendants' fee agreement, overbilling, billing discrepancies, and Defendants' use of six attorneys. (Doc. 114 at 13-15.) "The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the trial court." *Okyere v. Palisades Collection, LLC*, 300 F.R.D. 149, 150 (S.D.N.Y. 2014).

A court may order discovery if arriving at a reasonable fee proves difficult. *Henson v. Columbus Bank & Tr. Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985). But that's not the case here. "At bottom, the decision comes down to a court's assessment of the relevance of the records sought by Plaintiff, in comparison to the further burden and effort that will be required if discovery is re-opened." *Costa v. Sears Home Improvement Prods., Inc.*, 178 F. Supp. 3d 108, 112 (W.D.N.Y. 2016).

The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Against this backdrop, the Court will not permit discovery. The record contains all the information needed to resolve the issue, and opening discovery will only further waste judicial resources.

Accordingly, it is **RECOMMENDED**:

1. Defendants' Supplemental Motion for Attorney Fees and Costs (Doc. 110) be **GRANTED IN PART AND DENIED IN PART**;

2. The Court award $234,648.05 in attorney's fees;

3. The Court award $30,679.53 in costs; and

4. The existing judgment be modified to include the figures above.

**ENTERED** in Fort Myers, Florida on February 7, 2025.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.